Good morning. My name is Jim Clark. I'm here on behalf of Merced Rodriguez-Hernandez. He's the appellant in this case. He's currently serving a 50-month sentence that was imposed as a result of this conviction. Mr. Hernandez, Rodriguez-Hernandez, had a, pled guilty to illegal reentry after deportation, and he was subject to sentencing enhancement. It is the sentencing enhancement that is in dispute in this case. The district court found that Mr. Rodriguez-Hernandez was convicted of false imprisonment by use of force, violence, deceit, or fraud in violation of California Penal Code Section 236 and 237. We concede that Mr. Rodriguez-Hernandez was convicted of that particular offense. The question is whether that particular offense subjects him to a 16-level increase in the sentencing guideline versus an 8-level increase in the sentence. What happened in this particular case was the government had argued that false imprisonment conviction was categorically a crime of violence at district court. We had argued that it was, that the court, it is not categorically a crime of violence because that particular conviction, false imprisonment, can be done, committed without use of any force or threat of force, but it can be done by mere words alone, as articulated in California v. Harris. The district court adopted the modified categorical approach and looked into the minute entries. Why isn't it done by force even if it is accomplished by words? I mean, suppose the words are, if you go out of this room, there's a person stationed there to shoot you. Or the words are, we've locked all the doors, you can't get out. Still, the person's body is held against his will. Well, Your Honor, maybe in that particular case, but you can also commit the offense this way. You can go up to a person and say, I've been sent by your mother. Your mother has instructed me to tell you you're not to leave here for a while until she comes to pick you up. No use of force is used, no threat of force is made, but the person is being restrained deceitfully. Why doesn't the restraint of the body itself count as force? Well, the restraint is done, it has to be a physical restraint or some threat of physical restraint, and there is no physical restraint or threat. It can be committed without any use of physical threat. What is the question here is how is the offense committed? I mean, the Court has done extensive, issued extensive opinions on modified categorical approach. How far can you look into the facts? Well, what has to happen here for the government to be right is that this must be a crime of violence within the meaning of the guidelines. Is it a crime of violence if I hold someone tightly but do no more than that? If you hold somebody tightly and because that is a use of force. But is the use of force a crime of violence? Is force synonymous with violence under the guideline crime of violence? Well, attempted use of force under the, I believe it's 16b, 18 U.S.C. 16b is the definition of crime of violence and also the application notes. Attempted use or physical, attempted threat or use or attempted use of physical force would make it a crime of violence. Why wouldn't the documents of conviction amount to enough under the modified categorical approach to establish this as a crime of violence because of the use of the gun? Actually, that is what's in dispute. If you look at the California statutes, if he was in fact convicted of committing the crime of false imprisonment with a gun, he would be subject to at least four years, at least three years' imprisonment. In this particular case, he only received a two-year sentence for that case. So it couldn't have, by the way the statute is written in California, he couldn't have been convicted of using. I don't know. He could have been convicted and gotten a break he didn't deserve. I believe it was. It looks to me like we do that in the federal system all the time in these Southern California cases where people get four points off for pleading beyond what they're allowed to get under the guidelines. Well, that may have been the case, but we don't know what happened in this case. But those are actually statutes. If they're a statute of minimum sentence, there should be a. I'm looking at the information here. And the information says false imprisonment with force and violence in the defendant and so forth. And then it is further alleged that during the commission of this felony, the defendant personally used a firearm. So it looks like it's in the information, and that's one of the things we're allowed to consider under the modified categorical approach. We concede that you can use the information, but what is the information is the charge itself. What is the conviction? There may be intervening circumstances. It says he pleaded to it. He pleaded to that information. He pleaded to count four of that information. We agree, Your Honor. That's what the record. Count four is what I was reading. That is correct, was what the information states. But if you look at the statute of the California, California statutes, if he actually did in fact plead to that, he couldn't have received the sentence he got of a two-year sentence because the California statute requires a mandatory minimum sentence of at least three years. Sure he could. Sure he could. The judge gives him less than the statute requires. The prosecutor has already agreed to it as part of a deal. It's an appealable error. And nobody appeals because that's the deal. Well, it should be in the record. It happens all the time. I wish it would happen all the time. Well, maybe it doesn't happen as often as. Well, as I understand, you feel, you're arguing that, I guess, two things, that the court should have applied a clear and convincing standard and the burden of proof should have been on the government. The burden of proof should have been clear and convincing standard. Right. And then it should have been on the government to prove that it was a crime of violence within the meaning of the act. That is correct. Because they are the ones who are seeking the sentencing enhancement. It is their burden to prove. It's just like if we're seeking a minor role offense for reduction, it is our burden. The party seeking the reduction or increase bears the burden of proof. The question is, is it a preponderance of evidence standard or a clear and convincing standard? In our case, we believe it's a clear and convincing standard. The base offense level for this particular offense is 8. If Mr. Rodriguez-Hernandez is convicted of a crime of violence, then it's a 16-level increase, which would subject him to offense level 24. For base offense level 8, the sentencing guideline that would apply to Mr. Rodriguez-Hernandez would have been 15 to 21 months. With the 16-level increase, it would have been 92 to 115 months. More than three, four, five-time increase in his exposure. I guess what my question goes to is why aren't those errors harmless in light of the documents that are in the case? I don't believe it's harmless. A, we objected to it. B, the judge determined, the judge stated, the district judge translated that the defendant hadn't sustained its burden. What is not our burden to show that it is not is the government's burden to show he's subject to enhancement and Mr. Rodriguez-Hernandez deserves a 16-level increase in the bump. It's not our burden to show that he doesn't. The government has to show it. But I guess that's another way of saying why hasn't the government met its burden with the documents that are submitted in the record? Because based on the documents that's in the record and what they presented to district court, it's still insufficient to meet the clear and convincing standard. What was he convicted of? What it says was his false imprisonment. Violation of Section 236 and 237. What they need to produce was either a guilty plea transcript or some factual basis or something to show that, in fact, it was done with force or violence, not the other way, that it wasn't done with his hand. Why doesn't I plead to the information do precisely what you say they needed to do? We don't know what exactly happened between the two intervening, between the conviction, what the minute entry shows, and what he was charged with. Well, we do know. There's an information and he pleaded to it. Yes, he pleaded to it. But if you add up all the numbers, it just doesn't make sense. How can you plead to something? As I understand it, your argument is, yes, the information says he used a gun. Yes, he pleaded to the information, which says that he used a gun. But if he'd used a gun, the judge should have given him more time than he got. So there must be something to explain why he got less time than he should have. That is correct. That's the argument. That is correct. And I don't understand that argument, because when it strikes me, it's just like the discounts for pleading in the Southern District of California. They're more than the guidelines allow. And I can't remember what they call it. It's some sort of expedited docket procedure. Substantial savings to the government. Substantial savings to the government. The guidelines already codify what you can get for that, three points. And there you get seven. And nobody appeals. That happens commonly in sentencing. But that usually is in the plea agreement itself. The government produced a plea agreement in this case. It's not in there. Let me ask you a different question. The statute under which he's convicted has false imprisonment on four possible grounds, violence, menace, fraud or deceit. I understand that you would concede that violence used to accomplish false imprisonment would be a crime of violence. What about menace? What if the false imprisonment under California law were accomplished by menace? Would that be a crime of violence under the federal guideline? I guess it could be. Necessarily would be or only could be? It could be. It depends on how it was done. What is defined as menace? Well, now, the guideline says use, attempted use or threatened use of physical force against the person of another. So you're thinking that there can be some kind of menace that's not a menace against a person? Against it could be a property. So you think that menace under the California statute can be I'm going to bring your house down? Judge, I guess my answer would have to be yes, but I haven't done enough research in the California statute as to Well, the reason I ask that is that I look at the model jury instructions that are given for this. One of them, a standard jury instruction is that you ask whether or not the person has committed either violence or menace. And that's a kind of a shorthand. And I look at the California case law under this imprisonment. It appears to me that's a fairly standard instruction. And so when they're talking about V.I.O., for example, on one of the documents here, that's entirely consistent with it being a violence or menace idea or instruction. Let me ask you another question that's related here, and that is I'm looking at the actual information. And it says count for in that said defendant did willfully and unlawfully violate the personal liberty of A.M. such violation being effectuated by violence, menace, fraud and deceit. Now, the statute requires only that there be an or there. Did he plead to fraud and deceit? I mean, what I'm after is, it appears to me that this information is imprecise in some degree. That is to say, I'd be astounded if we were also pleading to deceit. But I don't know. What am I to make of that? I've exceeded my time, Your Honor. Go ahead and answer the question then. Yeah. Judge, the information, the way it's written, there's no such statute as defined in the information. The way it's written, it's articulated with violence, menace, fraud and deceit. The statute, as you correctly pointed out, it requires a disjunctive or. And the word force appeared nowhere in the statute. That is correct. The shorthand of the conviction, the judgment, shows it's a California violation of Section 236 and 237, false imprisonment, violence. VIO is what appears to be a shorthand. It's very similar to what happened in United States v. Rivera-Sanchez. Mr. Rivera-Sanchez was convicted of, in the shorthand version, he was convicted of transporting marijuana, is what the conviction actually has stated. Then the court looked into the statute and realized that it's just a shorthand version of what California uses. And the same thing happened here. The space allotted in the judgment and conviction doesn't have enough space to write out the entire elements of the indictment. I got there.  Thank you, Your Honor. Thank you, counsel. Counsel? Good morning. My name is John Lopez. I represent the government in this matter from the District of Arizona. I'd like to speak to the evidence submitted in support of the 16-level enhancement. The court has asked a number of questions and focused on the judgment and conviction. The judgment and conviction, although it is possible that the abbreviated description of the statute with the false imprisonment backslash VIO could be simply an abbreviation of the statute or a description of the statute. The statute itself is not entitled false imprisonment, violence, menace, fraud, or deceit. Nonetheless, violence appears there. How do you know the VIO stands for violence? I've seen VIO stand for violation in other state records. How do we know that's what that means and that it necessarily means that that was the section of the statute that was pled to here? Judge, I suppose I can't point the court to any precise authority with respect to that issue. Nonetheless — Are there better documents that could say what he was charged with and what he pled to? Well, we have the information. And with respect to the — briefly back to the J&C, the judgment of conviction, the government submits that there's contextual support for the fact that, indeed, this crime, the false imprisonment, was committed with violence, and that's the fact that the defendant pled guilty and was, in fact — or no contest and was, in fact, convicted of being an ex-felon in possession of a firearm during the same sequence of events which led to the false imprisonment, no contest plea. Counsel, I'm confused about why you need this argument. I'm looking at paragraph 15 of the plea agreement on page 42 of the excerpts. Yes, Your Honor. And it looks like he's saying, I've entered into the following plea agreement. I plead no contest. And then it names the charges. And then the language that caught my eye, as alleged in counts one and four respectively of the information. So it looks to me as though I don't need to wonder whether VIO means violence. I don't need to draw an inference from the fact that he committed felon in possession at the same time. All I have to do is look at count four and see what the allegations are. And then when I look back at count four, one of the allegations is that he personally and willfully used a firearm to commit the offense. Why do I need to call these other things? Judge, you don't. You anticipated my next point, which is that the count four of the information, again, makes clear that this was — that he was pleading guilty to false imprisonment with force or violence. That was the way, again, force does not appear in the language of the statute. Nonetheless, it was used to describe this particular conviction, which included violence, which is an element of the statute. Do you — do you — what is your view of — do you believe that it was there or not that the district court seemed to put the burden of proof on the defendant? The government's position, first to answer your question, if it — if it is error, and I'll assume for purposes of responding to your question that indeed that there was an error, the government submits that it — that it is harmless under these circumstances where there is clear and convincing evidence produced by the government. In effect, the government has met its standard. It's met its burden. And even if the judge had confused the burden or the standard, nonetheless, the government has satisfied that standard. So do you — so do you also agree that as a matter of law, the government should have proven this by clear and convincing evidence, given the leap in the sentencing enhancement? The government will concede that it's a close call. And as acknowledged in the government's brief, the government acknowledges this Court's trend to perhaps increase the scope of a clear and convincing application of that standard in sentencing enhancement issues as set forth in Jordan. Nonetheless, the government's position is that this case falls somewhere between the Johanson case and Jordan, and for that reason the government raised that issue in its brief, and perhaps that's an issue for another day. But nonetheless, I guess to answer your question, it depends on how it is you calculate the enhancement. But so — but if what I'm hearing you say between the lines is correct, then this case really comes down to a harmless error case. And your view is that these documents are clear and convincing evidence that the — That's correct, Your Honor. The government's position is that it has proven that this — the applicability of this enhancement by clear and convincing evidence, and that it's met any standard that could conceivably apply in this case. With respect to whether the Court committed error in terms of setting the standard or appropriating the burden, the government's position is that what the Court did was create ambiguity. If — the government's position, if you read the minutes, the sentencing minutes in context, the Court enumerates all the documents which it's reviewed, the pleadings which — which cover every document which the government has presented to this Court for consideration. The government reviewed those, made the record on that point, listened to defense counsel's objection, in which the defense counsel argued to the Court moments in fact abreast before the Court issued its decision that the government had the burden and the government must prove by clear and convincing evidence the applicability of the enhancement, and then the Court went on. It didn't — didn't actually assign the burden expressly to the defendant. The Court's precise words, the defendant has not sustained its position with respect to the objection. And the way the government reads that is that the Court implicitly reviewed all the evidence, was ready, prepared to rule. Defense counsel reminded the government — or the Court of its burden, of the government's burden and the standard which it believed applied, and then the Court went on to say, essentially, you have not overcome the evidence presented by the government, which convinces me that this enhancement applies. I have not found your objection persuasive. Therefore, I'm going to apply the enhancement. You can maybe help me out on this. I noticed that he didn't plead guilty. He pleaded no contest. That's correct. Does that make any difference? How is the guideline written? Is the guideline written having been convicted of the crime of or having committed the crime of? Judge, I don't know that I can answer your question. I have — I know this is an inadequate response. I have assumed that any conviction, that it's the conviction that matters, not — as long as it was a constitutionally. Yeah. I don't have the guideline in front of me at this moment, because — and I can just readily look. If the guideline is expressed in terms of having been convicted of — here we go. I'm about to get it. A conviction — a conviction rather than committed. Okay. So I think that's the answer to my question. Thank you. In any event, the Government would like to point the Court's attention — I believe we discussed all the relevant documents, but to the extent — well, there's actually one other document which we have not discussed, and that is the declaration and order regarding the plea, which is essentially the no contest plea. Again, at ER 43, the crime to which the defendant was pleading no contest to with respect to the false imprisonment is handwritten at paragraph 18. And again, it is referred to as false imprisonment with force or violence. Every document which the Court — which the Government has presented — presented to the District Court and now to this Court has been — the Government submits unambiguous. There's not a mention of the fact that this crime may have been committed by fraud or deceit. There's not even an implication. And in fact, all of the contextual evidence, such as charges which the defendant did not plead guilty or no contest to, suggest that this was indeed a crime involving force and violence. You need more than suggest. But the only — the only document that even mildly contradicts what you say is the — is count four, which talks about violence, menace, fraud, and deceit. That's the only mild contradiction to what you said. Everything else, I think, is entirely consistent with your statement. Yeah. Judge, and I acknowledge that point, and I concede that, and I believe that this is one of those situations where it's inartful drafting simply — Is it inartful? I thought it was common for U.S. attorneys to charge in the conjunctive and prove in the disjunctive. Well, Judge, that is a common practice, and it only becomes an issue when we find ourselves in situations like this, when perhaps that language is subjected to closer scrutiny. The Government would submit that even — even if the allegation was that the defendant committed this crime through violence, menace, fraud, and deceit, even if he included activity which constituted fraud and deceit, he still committed the crime. He planned. He planned force or violence. Correct. And so that would have included force or violence in any event. Yeah. Okay. I see I've run out of time. Thank you, counsel. Thank you. United States v. Rodriguez-Hernandez is submitted.
judges: Kleinfeld, Wardlaw, W Fletcher